# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JESSENIA RAMOS,<br><br>        Plaintiff,<br><br>v.<br><br>KOHL'S, INC.,<br><br>        Defendant. | Case No. 6:22-cv-1541<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jessenia Ramos, by and through her attorneys, alleges the following violations of her federal consumer protection rights against Defendant Kohl's, Inc. ("Kohl's").

## INTRODUCTION

1. Count I of Ms. Ramos' Complaint against Kohl's is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Ms. Ramos' Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq*. Fla. Stat. The FCCPA is a

Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

3. Count III of Ms. Ramos' Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

4. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

5. Federal question jurisdiction exists because Kohl's conduct violates Ms. Ramos' rights under the TCPA, a federal statute.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Middle District of Florida and Kohl's has a physical presence, does business in, and has registered agents in this District and Division.

7. Because Kohl's conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Middle District of Florida, personal jurisdiction is established.

## PARTIES

8. Ms. Ramos is a natural person.

9. During all times pertinent to this complaint Ms. Ramos resided in Melbourne, Florida.

10. Ms. Ramos is a "consumer" as defined under §559.55(3), Fla. Stat.

11. Kohl's is a "creditor" as defined under §559.55(5), Fla. Stat.

12. Kohl's is a Wisconsin corporation that has multiple physical locations and transacts business in Florida.

13. Kohl's principal place of business is located at N56 W17000 Ridgewood Dr., Menomonee Falls, Wisconsin, 53051.

14. Kohl's registered agent in Florida is Corporate Creations Network Inc., located at 801 US Highway 1, North Palm Beach, FL 33408

15. Kohl's acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

17. Kohl's is attempting to collect one or more alleged debts from Ms.

Ramos, originating from a Kohl's charge account.

18. On or about November 13, 2021, at 10:51 a.m., Ms. Ramos received a call to her cellular telephone from Kohl's, from the telephone number (262) 704-9780.

19. After picking up the call, Ms. Ramos noticed an unusually long delay and recalls hearing a short burst of clicks, beeps or dialing tones before the representative began speaking, consistent with the use of an automatic dialing system.

20. Kohl's representative identified themself as "Cynthia". Cynthia expressed an intent to collect on Ms. Ramos' debt.

21. During the call, Ms. Ramos explained to the representative that she could not currently afford to make payments because she was on a fixed income.

22. Ms. Ramos then instructed Cynthia to stop calling her and that she did not want any more calls from Kohl's. Thereby, Ms. Ramos expressly revoked consent to be called on her cellular phone.

23. Thereafter, completely ignoring Ms. Ramos' request, Kohl's began calling Ms. Ramos' cellular phone incessantly from a long list of different telephone numbers so that Ms. Ramos could not screen the calls she was receiving.

24. The calls originated from the numbers 262-704-9780, 469-730-9692, 630-332-9770, 630-332-9704, 630-332-9780, 630-882-5764, 630-332-9698, 630-

332-9773, 630-332-9777, 630-332-9776, 630-332-9779, 630-332-9706, 630-332-9702, 630-332-9778, 630-332-9720, 630-332-9719, 630-332-9768, 630-332-9703, 630-332-9771, 630-332-9774, 630-332-9718, 630-332-9717, 630-332-9697, 630-332-9699, 630-332-9775, 630-487-3055, 630-487-3058, 630-332-9719, 630-457-4510, 630-487-3044, 630-882-5948, 630-882-5764, 630-332-9770, 630-332-9704, 630-332-9780, 630-332-9698, 630-332-9769, 630-332-9702, 630-332-9703. These numbers are owned or operated by Kohl's.

25. Between November 20, 2021, and May 11, 2022, Kohl's called Ms. Ramos on her cellular telephone at least **ONE HUNDRED AND SIXTY-SIX (166)** times *after* she had revoked consent.

26. In at least ONE HUNDRED AND FORTY-FOUR (144) calls, Kohl's used a pre-recorded or artificial voice message.

27. Kohl's called Ms. Ramos virtually every day, including on the weekends.

28. Kohl's called Ms. Ramos multiple times a day.

29. Kohl's called Ms. Ramos at all times during the day.

30. Upon information and belief, Kohl's called and texted or attempted to call and text friends and family of Ms. Ramos with the intention that they would communicate to Ms. Ramos that Kohl's was attempting to collect a debt from her, causing Ms. Ramos additional embarrassment and distress.

31. Upon information and belief, Kohl's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

32. Upon information and belief, Kohl's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. \_\_\_\_, slip op. 10, n.7 (2021).

33. Upon information and belief, Kohl's system used to call Ms. Ramos has the capacity to store a telephone number using a random or sequential number generator, *inter alia*, by automatically and systematically filtering, sorting or otherwise selecting telephone numbers from Kohl's database, and then storing those numbers to create new lists of telephone numbers.

34. Upon information and belief, Kohl's system used to call Ms. Ramos has the capacity to produce a telephone number using a random or sequential number generator.

35. Kohl's intrusion upon Ms. Ramos' seclusion was highly offensive to the reasonable person. Kohl's intruded into Ms. Ramos' seclusion by placing over 150 telephone calls made to her cellular phone, masquerading those calls as originating from about 40 different telephone numbers, even after Ms. Ramos explained she simply did not have the money to pay because she is on a fixed income and her expenses increased as a result of the COVID pandemic. Instead, Kohl's

continued to employ the use of an automatic telephone dialing system and pre-recorded messages to inundate Ms. Ramos with collection calls on a debt that it knew she simply could not afford to pay.

36. Kohl's is familiar with the TCPA and with the FCCPA.

37. Kohl's conduct was not only done willfully but was done with the intention of causing Ms. Ramos such distress, so as to induce her to pay the debt.

38. Kohl's conduct was oppressive, outrageous, and exceeded reasonable collection efforts. Kohl's conduct was especially unreasonable because they called relentlessly shortly after Ms. Ramos explained why she could not make a payment and most of those calls were pre-recorded messages.

39. Each and every one of Kohl's telephone calls caused Ms. Ramos distraction, annoyance, frustration, and temporary loss of use of her telephone line.

40. As a result of Kohl's conduct, Ms. Ramos has sustained actual damages including but not limited to, confusion, stress, frustration, anxiety, sleepless nights, embarrassment, anguish, physical, emotional and mental pain.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

41. Ms. Ramos incorporates by reference paragraphs 16 through 40 as though fully stated herein.

42. Kohl's violated the TCPA. Kohl's violations include, but are not

limited to the following:

    a.    Within four years prior to the filing of this action, on multiple occasions, Kohl's violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b.    Within four years prior to the filing of this action, on multiple occasions Kohl's violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

43.    As a result of Kohl's violations of 47 U.S.C. §227, Ms. Ramos is entitled to declaratory judgment that Kohl's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Kohl's knowingly and/or

willfully violated the TCPA, Ms. Ramos is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FCCPA, §559.55 *et seq*. Fla. Stat.

44. Ms. Ramos incorporates by reference paragraphs 16 through 40 as though fully stated herein.

45. Kohl's violated §559.72 of the FCCPA. Section 559.72 provides in relevant part: "In collecting consumer debts, no person shall: . . . (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

46. Kohl's willfully called Ms. Ramos with such frequency and methodology as can reasonably be expected to abuse and harass Ms. Ramos and members of her family.

47. As a result of Kohl's violations of §559.72, Fla. Stat., Ms. Ramos is entitled to an award of actual damages and statutory damages of one thousand dollars ($1,000.00), for each and every violation, pursuant to §559.77(2) Fla. Stat.

48. The Court may award additional statutory damages by considering the

nature of Kohl's noncompliance with §559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

49. Section 559.77(2) expressly authorizes the Court to award Ms. Ramos punitive damages.

## COUNT III

### Kohl's Intrusion upon Ms. Ramos' Seclusion

50. Ms. Ramos incorporates by reference paragraphs 16 through 42 as though fully stated herein.

51. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

52. Kohl's violated Ms. Ramos' privacy. Kohl's violations include, but are not limited to, the following:

   a. Kohl's intentionally intruded, physically or otherwise, upon Ms. Ramos' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

   b. The about 40 different telephone numbers that Kohl's was calling Ms.

Ramos are highly offensive and evidence that Kohl's intended to cause MS. Ramos distress to force her to pay her debt or endure the unidentifiable caller.

c. The number and frequency of the telephone calls to Ms. Ramos by Kohl's constitute an intrusion on Ms. Ramos' privacy and solitude.

d. Kohl's conduct would be highly offensive to a reasonable person as Ms. Ramos received almost daily calls, calls on Saturdays, calls only minutes from each other, and multiple calls a day.

e. Kohl's acts, as described above, were done intentionally with the purpose of abusing and harassing Ms. Ramos to pay the alleged debt, or to pay more than Ms. Ramos would otherwise.

f. Kohl's conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

53. As a result of Kohl's violations of Ms. Ramos' privacy, Kohl's is liable to Ms. Ramos for actual damages. If the Court finds that the conduct is found to be egregious, Ms. Ramos may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Ms. Ramos hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Jessenia Ramos respectfully requests judgment be entered against Defendant Kohl's, Inc. for the following:

A. Declaratory judgment that Kohl's violated the TCPA, and the FCCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual damages pursuant to §559.77(2), Fla. Stat.;

E. Statutory damages pursuant to §559.77(2), Fla. Stat.;

F. Punitive damages pursuant to §559.77(2), Fla. Stat.;

G. Actual and punitive damages for intrusion upon Alexander's seclusion;

H. Attorneys' fees and court costs pursuant to §559.77(2), Fla. Stat.;

I. Awarding Ms. Ramos any pre-judgment and post-judgment interest as may be allowed under the law; and

J. Any other relief that this Honorable Court deems appropriate.

Date: August 26, 2022

**Santiago J Teran**
Santiago J Teran (FL Bar No. 1018985)
E-mail: santiago@pricelawgroup.com
Price Law Group, APC
2125 Biscayne Blvd., Ste 206
Miami, FL 33137
Direct: (347) 946-7990
Facsimile: (818) 600-5486
*Attorneys for Plaintiff*
*Jessenia Ramos*